## GILBERT LAFFERTY v. ROBERT LORIMER ET AL.

*Contract—Payment—Set-off.*

1. The agreement of defendants to pay the plaintiff 20 cents per ton in coal for all orders taken and delivered at their office, said coal to be delivered as ordered, is construed as an agreement to pay plaintiff the agreed commission upon the coal delivered upon said orders, and upon orders which defendants, by their own fault, refused or neglected to fill.
2. In a suit to recover such percentage, it appeared that plaintiff

had asked and received money from defendants from time to time on the contract, which was paid without examining the account, and upon the assumption that the orders would be filled, which payments exceeded the commissions on the coal actually delivered. And it is held that the payments were a proper subject of set-off, having been made under a mistake of fact, and that the defendants were entitled to judgment for the excess.

Error to Wayne. (Gartner, J.) Argued June 20, 1891. Decided July 28, 1891.

*Assumpsit.* Plaintiff brings error. Affirmed. The. facts are stated in the opinion.

*Thomas Hislop*, for appellant.

*Barbour & Rexford*, for defendants.

GRANT, J. Defendants made the following agreement with plaintiff:

"We agree to pay G. Lafferty twenty cents per ton in coal for all orders taken and delivered at our office, said coal to be delivered as ordered.

"ROBERT LORIMER & Co."

The date of this agreement is not given. We presume it was made about September 1, 1889, when defendants gave plaintiff a writing authorizing him to take orders for coal.

Plaintiff brought orders to the defendants for 1,744¼ tons. Of this amount only 739 tons were delivered. Plaintiff brings suit to recover $348.85, being the commission on all the orders taken by plaintiff. Plaintiff introduced evidence of the contract, and the taking and delivery of the orders, and rested. Defendants then proved that they did not refuse to deliver coal to any responsible party who ordered coal. Defendant Lorimer went to many of those whose orders plaintiff had furnished, and several of them declined to take it. Some of

these orders were canceled by agreement between plaintiff and defendants.

Plaintiff had asked and received from defendants money from time to time on this contract. Defendants had paid these amounts without examining the account, and evidently upon the assumption that the orders would be filled. The amount so paid exceeded the commissions on the coal actually delivered.

We think it was the plain intent of this contract that plaintiff was to be paid a commission upon the coal delivered upon these orders, and upon any orders which defendants, by their own fault, refused or neglected to fill. There is no evidence in the record upon which to base such neglect or refusal.

The circuit judge correctly directed a verdict for the defendants.

The only other question is, were the defendants entitled to judgment for the amount they had overpaid? We think these payments were the proper subject of set-off, and that they were properly held by the court to have been paid under a mistake of fact.

Judgment affirmed.

The other Justices concurred.